## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 07 2015, 8:56 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Donald J. Berger<br>South Bend, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Karl Scharnberg<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bernard Johnson, Jr.,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 7, 2015<br><br>Court of Appeals Cause No.<br>71A04-1502-CR-60<br><br>Appeal from the St. Joseph<br>Superior Court<br><br>The Honorable Elizabeth C.<br>Hurley, Judge<br><br>Trial Court Cause No.<br>71D08-1310-FC-226 |

**Barnes, Judge.**

# Case Summary

Bernard Johnson appeals his conviction for Class C felony possession of cocaine. We affirm.

# Issue

Johnson raises one issue, which we restate as whether there was sufficient evidence to support his conviction.

# Facts

On October 2, 2013, South Bend police officers were pursuing a suspect when they encountered Johnson having an argument with a woman. The argument escalated, and police intervened. Johnson did not cooperate with the police, and they had to forcibly restrain him and eventually handcuff him. During this encounter, a crowd gathered, and Johnson claimed to have been shot. Two officers separately conducted pat down searches for weapons before putting Johnson, who had not been shot, in a police car and transporting him to the jail. When he arrived at the jail, a more thorough search was conducted, and a baggie containing 3.30 grams of cocaine was found in the pocket of basketball shorts Johnson was wearing under his pants.

The State charged Johnson with Class C felony possession of cocaine and Class A misdemeanor domestic battery. The battery charge was later amended to Class B misdemeanor battery. A jury found Johnson guilty of the possession of cocaine charge and not guilty of the battery charge. Johnson now appeals.

# Analysis

Johnson argues there is insufficient evidence to support his robbery conviction. When reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor assess the credibility of witnesses. *Bailey v. State*, 979 N.E.2d 133, 135 (Ind. 2012). We view the evidence—even if conflicting—and all reasonable inferences drawn from it in a light most favorable to the conviction and affirm if there is substantial evidence of probative value supporting each element of the crime from which a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

Johnson argues that, because the cocaine was not discovered during the pat down searches conducted before he was transported to the jail and he immediately denied the cocaine was his, the State did not prove that he knowingly possessed it. "A person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of the high probability that he is doing so.'" Ind. Code § 35-41-2-2(b).

The officers who conducted the pat down searches testified that they patted down Johnson's outer clothing to look for weapons before transporting him to jail. One officer explained that, because of Johnson's behavior and the crowd, he was not as thorough in the pat down search as he usually is. The other officer testified that he did not go through every pocket and that he was looking for large, hard weapons. The jail officer testified about conducting a more detailed search upon Johnson's arrival at the jail. She also stated that the cocaine was found in a pocket of shorts Johnson was wearing under his pants.

It was for the jury to assess the witnesses' testimony, including Johnson's claim that someone else had put the cocaine in his pocket. There is sufficient evidence to establish that Johnson knowingly possessed the cocaine.

## Conclusion

There was sufficient evidence to support Johnson's conviction for Class C felony possession of cocaine. We affirm.

Affirmed.

Kirsch, J., and Najam, J., concur.